IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY<br>P.O. Box 182476<br>Columbus, Ohio 43218 | : : : : : | |
| *Plaintiff,* | : : | |
| vs. | : : : | CIVIL ACTION |
| MIDEA AMERICA CORP.<br>11800 NW 100th Rd., Ste. 4<br>Miami, FL 33178 | : : : : | |
| and | : : | No. _____ |
| GD MIDEA AIR CONDITIONING EQUIPMENT LTD.<br>c/o Registered Agent Corp. Service Co.<br>d/b/a CSC – Lawyers Inco.<br>211 E. 7th Street, Suite 620<br>Austin, TX 78701 | : : : : : : : | |
| and | : : | |
| JOHN DOE COMPANY<br>True name and address unknown | : : : : | |
| *Defendants.* | : | |

## NOTICE OF REMOVAL

Defendant Midea America Corp. ("defendant"), by and through its counsel, Reminger Co., LPA, hereby give notice of the removal of this civil action from the Court of Common Pleas, Warren County, Ohio to the United States District Court for the Southern District of Ohio. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a) and 1446. As grounds for removal, defendants aver as follows:

1. On October 11, 2018, plaintiff Motorists Mutual Insurance Company commenced a civil action against defendants by filing a Complaint in the Warren County Court of Common Pleas captioned: *Motorists Mutual Insurance Company, P.O. Box 182476, Columbus, Ohio 43218 v. Midea America Corp., 11800 NW 100th Rd. Ste. 4, Miami, FL 33178 and GD Midea Air Conditioning Equipment Ltd., c/o Registered Agent Corp. Service Co. d/b/a CSC – Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, TX 78701 and John Doe Company, True name and address unknown*. A true and correct copy of the Docket, Summons, and Complaint are attached hereto as Exhibit A.

2. Exhibit A constitutes all process, pleadings, and orders served on defendant in the state court action as of the date of this Notice.

3. This civil action is removed on the basis of this Court's diversity jurisdiction. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that this action involves a controversy that is properly and wholly between (1) citizens of different States and (2) a citizen of a State and a citizen of a foreign state.

4. The amount in controversy, as alleged in the Complaint, is in excess of $75,000.00, exclusive of interest and costs.

5. Neither Defendant is a citizen of the State of Ohio. *See* U.S.C. § 1441(b).

6. As Guangdong Midea Air-Conditioning Equipment Co., Ltd. (misnamed as "GD Midea Air Conditioning Equipment Ltd."), has not been served with original process, its consent is not required pursuant to 28 U.S.C. § 1446(b)(2)(A).

7. The amount in controversy, as alleged in the Complaint, is in excess of $75,000, exclusive of interests and costs.

## AMOUNT IN CONTROVERSY

8. In this action, plaintiff allege, *inter alia*, that on July 29, 2017, a fire occurred in plaintiff insured's home resulting in damage to the subject property and personal property located therein. *See* Ex. A, Complaint at ¶ 4.

9. Plaintiff asserts defendant is liable under theories of product liability and negligence in an amount totaling $281,964.00. *See* Ex. A, Complaint at ¶ 4.

10. When a defendant seeks federal-court adjudication, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).

11. Given the above-reference allegations in plaintiff's Compalint that the amount in controversy, exclusive of interest and costs, totals $281,964.00, the amount in controversy exceeds the $75,000 jurisdictional threshold of 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446(c)(2) (sum demanded in good faith in initial pleading shall be deemed to be the amount in controversy).

## DIVERSITY OF CITIZENSHIP

12. Plaintiff Motorists Mutual Insurance Company is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Columbus, Ohio. *See* Ex. B, Ohio Secretary of State Business Details and Filings.

13. Defendant Midea America Corp. is a corporation organized and existing under the laws of the State of Florida, with its headquarters and principal place of business in Parsippany, New Jersey. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (when determining citizenship of a corporation, the phrase 'principal place of business' refers to the headquarters from where the corporation's officers and executives direct, control, and coordinate the corporation's activities).

14. Guangdong Midea Air-Conditioning Equipment Co., Ltd. is a Chinese limited liability company formed pursuant to Company Law of the People's Republic of China, and for purposes of determining diversity jurisdiction under § 1332(c)(1), it closely resembles a corporation formed under U.S. law.

15. A limited liability company formed under Company Law of the People's Republic of China is similar to a closely held corporation under U.S. law. Zhao Youg Qing, *The Company Law of China*, 6 Ind. Int'l & Comp. L. Rev. 461, 470 (1993).

16. Under Article 2 of Company Law of the People's Republic of China, a "company" includes a limited liability company and a company limited by shares.[1]

17. Under Article 3 of Company Law of the People's Republic of China, a company (including a limited liability company) is a separate legal entity ("enterprise legal person"), with its own property, legal rights, and obligations.

18. As an independent legal entity, a company (including a limited liability company) formed under Chinese Company Law has the power to independently own property and to independently incur obligations. See Company Law of the People's Republic of China, Article 3.

19. Under Article 3 of Company Law of the People's Republic of China, the liability of a limited liability shareholder is limited to that shareholder's capital contribution.

20. Under Article 71[2] of the Company Law of the People's Republic of China, a limited liability company shareholder may transfer all or part of his shares to other shareholders, and with the consent of more than half of the other shareholders, transfer his shares to a non-shareholder.

---

[1] The Article numbering follows the 2014 English language version available at https://www.hfgip.com/sites/default/files/law/company_law_of_the_people_s_republic_of_china_2014_english.pdf (also attached as Exhibit C). The English language version available on the National People's Congress website (www.npc.gov.cn) is dated October 27, 2005.

[2] Article 72 in the www.npc.gov.cn version.

21. Under Article 10 of Company Law of the People's Republic of China, a limited liability company's domicile is determined by its principal office, and not by the domicile of any of its shareholders.

22. Under Article 44[3] of Company Law of the People's Republic of China, a limited liability company shall have a board of directors, or in certain circumstances defined in Article 50,[4] an executive director. Directors are elected for a term of not more than three years. See Company Law of the People's Republic of China, Article 45.[5]

23. Under Article 51[6] of Company Law of the People's Republic of China, a limited liability company shall have a supervisor or board of supervisors. Under Article 52,[7] supervisors are elected for a term of three years.

24. The United States District Court for the Northern District of Illinois, has considered the citizenship of a Chinese limited liability company. Instep Software LLC v. Instep (Beijing) Software Co., Ltd., 2015 LEXIS 117379 (2015). After analyzing the characteristics of a Chinese limited liability company, including the limited liability of its shareholders, the separation between shareholders and management, and its independent personhood, the Instep court ruled that a Chinese limited liability company had the attributes of a U.S. corporation, and therefore its citizenship was independent of the citizenship of its shareholder-owners and was determined pursuant to § 1332(c)(1).[8]

---

[3] Article 45 in the www.npc.gov.cn version.
[4] Article 51 in the www.npc.gov.cn version.
[5] Article 46 in the www.npc.gov.cn version.
[6] Article 52 in the www.npc.gov.cn version.
[7] Article 53 in the www.npc.gov.cn version.
[8] A copy of the Declaration of Nicholas Calcina Howson, relied on by the court in *Instep* is attached for the court's convenience as Exhibit D.

25. Guangdong Midea Air-Conditioning Equipment Co., Ltd. is headquartered in Foshan City, Guangdong Province, in the People's Republic of China.

26. Guangdong Midea Air-Conditioning Equipment Co., Ltd. has not been served with original process. *See* Ex. E, Rejection Letter.

27. Even if Guangdong Midea Air-Conditioning Equipment Co., Ltd. was or is served with original process, its presence in this action would not defeat diversity jurisdiction because it is a corporation formed pursuant to Chinese Law, with its principal place of business located in China, and therefore a citizen or subject of a foreign state. *See* 28 U.S.C. § 1332(a)(2); *see also Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (jurisdiction was proper pursuant to 28 U.S.C. § 1332(a)(2) between Lloyd's, an English insurance market regulator, and citizens of the State of Tennessee).

28. Diversity of citizenship between plaintiff (Ohio) and defendants (Florida, New Jersey and China), existed at the time this action was commenced by plaintiffs on October 11, 2018 and continues through the date of filing this Notice of Removal.

## TIMELINESS OF REMOVAL

29. Defendant Midea America Corp. was served with plaintiff's Complaint on or about November 7, 2018.

30. Defendant Guangdong Midea Air-Conditioning Equipment Co., Ltd. has not been served with original process. *See* Ex. E, Rejection Letter.

31. This Notice of Removal is filed within thirty days of receipt by defendants of a copy of the initial pleading setting forth the claims for relief upon which this action is based, and is therefore timely pursuant to 28 U.S.C. § 1446(b).

32. This Notice of Removal is being filed within one year of the commencement of this action by plaintiff on October 11, 2018. *See* 28 U.S.C. § 1446(c)(1).

## CONCLUSION

33. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1441(a) because it is the district embracing the state court in which this action was commenced.

34. Pursuant to 28 U.S.C. § 1332(a), plaintiffs and defendants are diverse and removal pursuant to 28 U.S.C. § 1441(a) is appropriate.

35. All defendants, through their counsel, join in this Notice of Removal.

36. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal will be served promptly upon plaintiffs and a certified copy will be filed with the Clerk of the Warren County Court of Common Pleas.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), based on the diversity of citizenship between plaintiffs and defendants, and removal pursuant to 28 U.S.C. §§ 1441(a) and 1446 is appropriate.

Respectfully submitted,

**/s/ Danielle L. Lorenz**
Hugh J. Bode (0000487)
REMINGER CO., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115
216-687-1311 phone; 216-687-1841 fax
Hbode@reminger.com

Danielle L. Lorenz (0085415)
REMINGER CO., L.P.A.
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
513-721-1311 phone; 513-721-2553 fax
dlorenz@reminger.com

# CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has been electronically filed this 13th day of November, 2018. Notice of Filing will be automatically sent to all counsel (and their designees) who have entered their appearance of record and are registered with this Court's CM/ECF system. Such notice constitutes service by rule. In addition, I also hereby certify that the foregoing will be served electronically (via e-mail) and/or via regular mail to:


Patrick J. O'Malley
Keis George, LLP
55 Public Square #800
Cleveland, Ohio 44113
pomalley@keisgeorge.com

                                        /s/ Danielle L. Lorenz
                                        Danielle L. Lorenz (0085415)