# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | : | Case No. 1:18-cv-778 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| MIDEA AMERICA CORP., *et al.*, | : | |
| Defendants. | : | |

### ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR MORE DEFINITE STATEMENT (Doc. 6)

This civil case is before the Court on the unopposed motion of Defendant Midea America Corp. ("Midea") for a more definite statement (Doc. 6).

## I. INTRODUCTION

Plaintiff Motorists Mutual Insurance Company's ("Motorists Mutual") Complaint alleges the following facts:

On July 29, 2017, Motorists Mutual was the insurer, assignee, and subrogee of Steven Haunert, who was the owner of a dehumidifier and the real and personal property located at 6813 Lindley Worley Rd. in Harlan Township, Ohio ("Property"). (Doc. 5at ¶ 1).

At all times material herein, Defendants were engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing, supplying and/or selling of dehumidifiers, including the dehumidifier identified above and owned by Plaintiff's insured ("Dehumidifier"). (Doc.

5 at ¶ 2). The Dehumidifier was designed and manufactured by Defendants, a manufacturer which places products in the stream of commerce in the State of Ohio. (*Id.* at ¶ 3).

On July 29, 2017, at the Property, the Dehumidifier failed as a result of its component parts, causing damage to Plaintiff's insured's real and personal property in an amount of $281,964. (Doc. 5 at ¶ 4). The aforementioned failure, fire, and resulting damages were the direct and proximate result of the Dehumidifier being defective at the time it left the hands of Defendants. (*Id.* at ¶ 5).

The Defendants placed the Dehumidifier into the stream of commerce in a defective condition. (Doc. 5 at ¶ 6). Plaintiff's insured was one of the ultimate users or consumers of the subject Dehumidifier. (*Id.* at ¶ 7). The failure and fire were the direct and proximate result of the defective condition of the Dehumidifier. (*Id.* at ¶ 9). As a direct and proximate result of the failure and fire, Plaintiff's insured's real and personal property were severely damaged, requiring repair and/or replacement in an amount of $281,964.00. (*Id* at ¶ 10). Pursuant to its policy of insurance with its insured, Motorist Mutual was required to and did make payments to and/or on behalf of its insured for aforementioned damages in the amount of $281,964 and became subrogated to said amount. (*Id.* at ¶ 11).

Motorist Mutual alleges the Dehumidifier was defective in design or formulation, was defective due to inadequate warning or instruction, and was defective in design, production, or manufacture. (Doc. 5 at ¶ 15-17). The Complaint demands judgment against the Defendants, jointly and/or severally, in the amount of $281,964.

## II. STANDARD

The Federal Rules of Civil Procedure allow parties to move for a more definite statement if a pleading is so vague and ambiguous the moving party cannot adequately respond:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

## III. ANALYSIS

Midea argues the Complaint is ambiguous because it does not allege any identifying information about the Dehumidifier such as when it was purchased, where it was purchased, or any brand identification. (Doc. 6 at 5). Midea claims it is prejudiced by this ambiguity because it is unable to determine whether personal jurisdiction exists and whether filing a Rule 12(b)(2) motion is warranted. (*Id.*) Midea requires these facts before responding to the Complaint because personal jurisdiction can be waived. (*Id.*)

According to Midea, it is not subject to "general" personal jurisdiction in Ohio because it is a Florida corporation with a principal place of business in New Jersey. (Doc. 6 at 5-6). Midea claims it does not design or manufacture dehumidifiers but does distribute them in rare instances. (*Id.*) Midea argues Motorists Mutual must provide

additional information about the Dehumidifier at issue in this case—such as the brand or other identifying information—so Midea can determine whether it had any contact with this forum that would allow the Court to exercise specific personal jurisdiction. (*Id.* at 6).

Midea's unopposed motion for a more definite statement is well-taken. The Complaint's allegations regarding the Dehumidifier are so vague and ambiguous that Midea cannot adequately prepare a response. Pursuant to Federal Rule of Civil Procedure 12(e), Motorist Mutual must file a Complaint with a more definite statement regarding the Dehumidifier, including any identifying information about the Dehumidifier known to Motorist Mutual, so that Midea can determine whether to move to dismiss on the grounds of personal jurisdiction or answer the Complaint.

## IV. CONCLUSION

For the foregoing reasons, Midea's unopposed motion for a more definite statement (Doc. 6) is **GRANTED**. Motorist Mutual, **within 20 days from the date of this Order**, shall file a Complaint with a more definite statement regarding any additional information about the Dehumidifier at issue in this lawsuit known by Motorist Mutual**.**

**IT IS SO ORDERED.**

Date:   2/19/19                                      *s/ Timothy S. Black*
                                                                  Timothy S. Black
                                                                  United States District Judge